**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Robert Holland Koon, ) | |
| ) | |
| Petitioner, ) | Civil Action No.: 9:01-3101-12 |
| ) | |
| vs. ) | |
| ) | |
| Charles M. Condon, Attorney General of ) | **ORDER** |
| the State of South Carolina, ) | |
| Respondent. ) | |
| _____) | |

On July 31, 2001, under 28 U.S.C. § 2254, the petitioner commenced an action attacking his conviction and sentence. On March 16, 2004, the Court granted the respondent's motion for summary judgment and dismissed the petitioner's claims. The petitioner attempted to appeal the order dismissing his section 2254 action. The petitioner mailed his notice of appeal to the Fourth Circuit Court of Appeals. The Fourth Circuit received the petitioner's notice on April 23, 2004. The Fourth Circuit's clerk mailed the petitioner's notice of appeal to the clerk for the United States District Court in South Carolina for filing.

On December 6, 2004, the Fourth Circuit Court of Appeals remanded this case instructing the Court to determine when the petitioner properly delivered his notice of appeal to prison officials for mailing to the Court. The Court is to use this finding to determine if under Rule 4(c)(1) of the Federal Rules of Appellate Procedure, the petitioner timely filed his notice of appeal. On March 18, 2005, the Court held an evidentiary hearing to determine when the petitioner delivered his notice of appeal to prison officials. At the hearing, the Court gave the parties an additional week to contest evidence which was presented at the hearing. On March 25, 2005, the petitioner mailed a letter restating the petitioner's position that he timely delivered his notice of appeal to prison officials and asking the Court to construe another notice filed by

the petitioner as a motion for an extension of time to appeal.  This matter is now before the Court for disposition.

Rule 4(a) of the Federal Rules of Appellate Procedure requires a party in a civil action to file with the district court a notice of appeal within 30 days after the judgment or order appealed from is entered.  Rule 4(c)(1) provides that if an inmate files a notice of appeal in a civil case, the notice is timely if the inmate deposits the notice in the prison's internal mail system on or before the last day of filing.  Fed. R. App. P. 4(c)(1); see also Houston v. Lack, 487 U.S. 266, 276 (1988)(held that notice of appeal filed at time the petitioner delivered it to prison authorities).  If the prison has a system designed for legal mail, the inmate must use that system to receive the benefit of Rule 4(c)(1).  Fed. R. App. P. 4(c)(1).  Under Rules 4(a) and (c), the petitioner must have properly delivered his notice of appeal to prison officials by April 15, 2004.

At the evidentiary hearing held on March 18, 2005, the petitioner and Wilhemenia Wilke testified.  The parties also entered debit forms and the envelope carrying the petitioner's notice of appeal into evidence. When the petitioner mailed his notice of appeal he was confined in Perry Correctional Institution located in Pelzer, South Carolina.  Sergeant Wilke was the mail room officer at Perry Correctional Institution when the petitioner delivered his notice of appeal to prison officials.  Sergeant Wilke operated the prison's mail system, and her duties included distributing mail, picking up mail, postmarking mail, and sending mail out of the prison.

Sergeant Wilke testified that she picks up mail around the prison Monday through Friday between 7:00 am and 3:30 pm.  Mail picked up one day will not be mailed out until the following day.  For example, if she picks up mail at 7:00 am on Monday she will mail it out on Tuesday; if an inmate does not have mail ready by the time she comes to pick up the mail then

she will not pick it up until the next day.

Sergeant Wilke and the petitioner testified that the prison charges inmates for postage by debiting the inmates' account using a debit sheet with an inmate's name on the sheet. An inmate wraps a debit sheet around mail an inmate wishes to send out.

Sergeant Wilke uses a private postage meter at the prison. This meter postmarks a date and a postage charge on the mail she sends out. When Sergeant Wilke postmarks an item for mailing, she marks the charge on an inmate's debit sheet. Sergeant Wilke signs and dates the debit sheet when she postmarks mail.

The envelope carrying the petitioner's notice of appeal was addressed to the Fourth Circuit Court of Appeals, had a postmark date of April 20, 2004, and a postage charge of thirty-seven cents. Sergeant Wilke used the prison's postage meter to postmark the date and postage charge on the envelope. According to Sergeant Wilke's practice, the notice of appeal would have been postmarked the day after Sergeant Wilke picked up the petitioner's notice. As a result, Sergeant Wilke would have picked up the petitioner's notice of appeal on Monday, April 19, 2004. This pick up date reveals that the petitioner delivered his notice of appeal to prison officials between Friday, April 16 after 3:30 pm and Monday, April 19 before 3:30 pm.

A debit sheet entered into evidence corroborates this finding. Sergeant Wilke listed four thirty-seven cent postage charges to the petitioner on a debit sheet she signed and dated April 20, 2004. Based on the April 20 postmark date on the envelope carrying the petitioner's notice of appeal and Sergeant Wilke's practice of sending mail and consequently postmarking the mail the day after picking it up, the petitioner delivered his notice of appeal to prison officials between Friday, April 16 after 3:30 pm and Monday, April 19 before 3:30 pm. The petitioner wrote his

name on and dated this debit sheet April 19, the date the petitioner likely delivered it to prison officials. The debit sheet, therefore, contains the same date and postage charge as is postmarked on the envelope carrying the petitioner's notice of appeal and the correct date supplied by the petitioner.

The petitioner testified that he gave a prison guard his notice of appeal at 4:00 pm on Wednesday, April 14, 2004. If this assertion was correct, however, Sergeant Wilke would have picked up the notice on Thursday, April 15, 2004, and postmarked the envelope carrying the notice on Friday, April 16, 2004. While the Court acknowledges the petitioner's contention that Sergeant Wilke signed a debit sheet on April 16, 2004 charging the petitioner for two thirty-seven cent postage debits, the petitioner has not presented any evidence explaining why the envelope carrying the petitioner's notice of appeal was postmarked on April 20, 2004. The petitioner also has not offered evidence demonstrating that Sergeant Wilke deviated from her practice of sending mail out the day after picking it up.

In addition, if the petitioner had delivered his notice on Thursday, April 15, the last day to timely file the notice, Sergeant Wilke would have picked it up either on that day or Friday, April 16, depending on the time the petitioner delivered it to prison officials. According to Sergeant Wilke's practice, the envelope carrying the petitioner's notice of appeal would have been postmarked on April 16 or at the latest April 19.

Based on the postmark date on the envelope carrying the petitioner's notice of appeal and Sergeant Wilke's testimony as to the prison's internal mailing system, the Court finds that the petitioner delivered his notice of appeal to prison officials after April 15, 2004, the deadline to file the notice of appeal. The petitioner's notice, therefore, was not timely delivered to prison

officials.

On May 19, 2004, the petitioner filed a letter containing the language "[n]otice of [a]ppeal leave to file." The petitioner claims that under Rule 4(a)(5) the Court may construe this notice as a request for an extension of time to file an appeal. Rule 4(a)(5) of the Federal Rules of Appellate Procedure allows a district court to expand the time a party may file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and [] regardless of whether [the] motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i) and (ii).

A motion filed after the expiration of the prescribed time in Rule 4(a) "must be given to the other parties in accordance with the local rules." Fed. R. App. P. 4(a)(5)(B). A bare notice of appeal filed after the time to file a notice of appeal should not be construed as a motion for extension of time where no request for additional time is manifest. Shah v. Hutto, 722 F.2d 1167, 1168 (4th Cir. 1983). The Fourth Circuit Court of Appeals has carved out a narrow exception to the rule stated in Shah. Wilder v. Chairmen of Cent. Classification Bd., 926 F.2d 367, 371 (4th Cir. 1991). The following discrete circumstances bring a prisoner's bare notice of appeal, received after the time to file an appeal expires but before the time to file a motion for extension of time expires, within the requirement of Rule 4(a)(5): A prisoner sends a letter to a district court expressing concern that a filing might be untimely; the district court subsequently *sua sponte* grants an extension finding the letter evinced a desire to preserve an appeal; and the prisoner would have filed a timely motion for an extension of time but for the district court's order. Myers v. Stephenson, 781 F.2d 1036, 1038 (4th Cir. 1991).

The petitioner's document "[n]otice of [a]ppeal with leave to file" does not manifest a desire for an extension of time to file a notice of appeal and was not given to other parties in accordance with local rules. See Shah, 722 F.2d at 1168 and Fed. R. App. P. 4(a)(5)(B). Moreover, the petitioner does not allege that any of the discrete circumstances present in Myers are present in this case. The petitioner's "[n]otice of [a]ppeal with leave to file" does not express concern of his notice of appeal being timely filed. Furthermore, the Court did not *sua sponte* grant the petitioner an extension of time before the time to file a motion for an extension expired. Consequently, the narrow exception pronounced in Myers does not apply. See Myers, 781 F.2d at 1038.

The petitioner delivered his notice of appeal to prison officials after April 15, 2004. The filing of the petitioner's appeal, therefore, was untimely under Rule 4(a)(1) of the Federal Rules of Appellate Procedure. In addition, the Court finds that the petitioner did not make a timely motion for an extension of time to file his notice of appeal.

**AND IT IS SO ORDERED**.

s/ C. Weston Houck

**C. WESTON HOUCK**

**UNITED STATES DISTRICT JUDGE**

April 20, 2005

Charleston, South Carolina